IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE ELLIOTT | : | CIVIL ACTION |
| LARRY GLASS | : | |
| | : | |
| v. | : | |
| | : | |
| HAIBO PENG | : | NO. 14-4455 |

MEMORANDUM

KELLY, J.                                                                           AUG. 1, 2014

    Plaintiff Jamie Elliott brings this action on behalf of himself and Larry Glass against Haibo Peng. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Elliott leave to proceed *in forma pauperis*, dismiss Glass from the case, and dismiss Elliott's claims without prejudice to him refiling this action in state court.

    The complaint indicates that Elliott, and possibly Glass, fell and injured themselves on the defendant's property. It appears they were involved in an arbitration with the defendant and obtained an award in their favor in the amount of $6,137. However, the defendant has not yet paid them, is not responding to their letters, and failed to show up in connection with a hearing related to the arbitration. Accordingly, Elliott filed this lawsuit on behalf of himself and Glass claiming that their constitutional rights were violated and seeking $50,000 in damages.

    Elliott is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. However, as a *pro se* litigant who is not an attorney, Elliott may not pursue claims on behalf of Glass. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Furthermore, as Elliott is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

1

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Elliott is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To the extent Elliott is raising constitutional claims pursuant to 42 U.S.C. § 1983, his claims fail. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Here, nothing in the complaint suggests that the defendant is a state actor. Instead, it appears that this dispute is between private actors. In any event, the Court cannot discern a plausible constitutional violation here.

To the extent Elliott has any basis for a claim under state law, the only possible independent basis for this Court's jurisdiction over such a claim is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Here, the complaint reflects that Elliott and the defendant both reside in Pennsylvania, which strongly suggests that they are both citizens of Pennsylvania. In any event, the amount in controversy in this case—$50,000—does not exceed the jurisdictional threshold. *See Spectacor Mgmt. Grp. v.*

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed any federal claims.

*Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Accordingly, there is no basis for jurisdiction over any state law claims.

Elliott will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.